IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDEN W. MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 24-1290 (MN) |
| PAUL BARTELT, II, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Brenden W. Moore, Bear, Delaware – Pro Se Plaintiff

Marisa R. De Feo, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware – Counsel for Defendant Paul Bartelt, II

August 18, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On November 25, 2024, Plaintiff Brenden W. Moore, of Bear, Delaware, initiated this action pro se, alleging civil rights violations by Defendant Paul Bartelt, II, in his individual and official capacity as a member of the University of Delaware Police. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4). At this stage of the case, the Amended Complaint is the operative pleading. (D.I. 21). The Court proceeds to review and screen the Amended Complaint (D.I. 21) pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.      BACKGROUND**

The Complaint alleges that Defendant violated Plaintiff's First, Fourth, and Fourteenth Amendment rights on or about October 30, 2023 in Newark, Delaware. (*See* D.I. 2). The following facts are taken from Plaintiff's Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

While driving in Newark, Plaintiff extended his arm so that his left hand was approximately six-to-eight inches outside his vehicle window, and he made a hand gesture. (D.I. 2 at 2-3). In response, Defendant, a police officer employed by the University of Delaware in Newark, traffic stopped Plaintiff. (*Id.* at 3). The stop took place outside of the Newark city limits. (*Id.*). The Complaint alleges that Defendant acted unprofessionally during the stop by screaming, cursing, and "flipping out." (*Id.*).

The Complaint admits that there is a municipal statute of relevance to Plaintiff's case. (*Id.* at 4). The Court notes that this municipal statute appears to be Newark Ordinance § 20-055, which pertains to "protrusion beyond limits of vehicle," stating, "[w]hen any person is riding in any vehicle, no part of his body shall protrude beyond the limits of the vehicle." The Complaint argues that this ordinance is unconstitutionally vague and overbroad, in violation of Plaintiff's First and Fourteenth Amendment rights. (*Id.* at 4). The Complaint further asserts that, by way of

1

the traffic stop, Defendant violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure, and his First Amendment right to self-expression because his hand gesture was constitutionally protected speech. (*Id.* at 3-5).

Based on the foregoing, Plaintiff seeks declaratory judgment, injunction prohibiting enforcement of Newark Ordinance § 20-055, compensatory and punitive damages, attorney's fees and costs, and any other relief the Court deems just. (*Id.* at 5.)

## II.    DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must

contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Court first considers Plaintiff's Fourth Amendment claim. (*See* D.I. 2 at 3). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Here, Plaintiff concedes that he was traffic stopped because part of his body, specifically, his hand and arm, protruded six-to-eight inches beyond the limits of his vehicle while he was driving in Newark. (*See* D.I. 2 at 2-3). That activity is expressly prohibited by Newark Ordinance § 20-055. As such, to the extent that the traffic stop constituted an arrest, the Court cannot plausibly conclude that Defendant conducted such without probable

cause, and Plaintiff's Fourth Amendment claim must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the Court cannot plausibly conclude that the traffic stop was improper, Plaintiff's First Amendment retaliation claim also fails. (*See* D.I. 2 at 4). To demonstrate retaliation, Plaintiff must show: (1) he engaged in constitutionally-protected activity; (2) the government responded with retaliation; and (3) the protected activity caused the retaliation. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Even assuming Plaintiff's hand gesture constituted constitutionally protected speech, the Court cannot plausibly conclude that the traffic stop was retaliatory when it was based on Plaintiff's admitted violation of Newark Ordinance § 20-055. Plaintiff's First Amendment retaliation claim must also be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Last, the Court considers Plaintiff's First and Fourteenth Amendment challenges to Newark Ordinance § 20-055. To the extent that Plaintiff has named a proper Defendant for these challenges, the Court finds that these claims also fail to pass screening. The Court cannot plausibly conclude that the provision – "When any person is riding in any vehicle, no part of his body shall protrude beyond the limits of the vehicle"—is vague, let alone unconstitutionally so. The ordinance clearly required Plaintiff to remain inside his vehicle while driving, to include his arms and hands. Similarly, the Court cannot plausibly conclude that Newark Ordinance § 20-055 is overbroad or inhibits protected speech. Absent the extension of Plaintiff's hand and arm beyond his vehicle, it appears that any hand gesture (constituting protected speech or otherwise) by Plaintiff from inside the vehicle would not violate the ordinance in question. Accordingly, Plaintiff's First and Fourteenth Amendment challenges to Newark Ordinance § 20-055 must also be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint

will be dismissed for failure to state a claim, and this case will be closed, as further amendment is futile.

### III. CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint with prejudice. (D.I. 21). Amendment is futile.

An appropriate Order will be entered.